**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**VERONICA GAY,**

        **Plaintiff,**     Case No.:

   v.

**NATIONAL GRID,**     **COMPLAINT AND DEMAND FOR JURY TRIAL**

        **Defendant.**     **(Unlawful Debt Collection Practices)**

---

## COMPLAINT

VERONICA GAY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL GRID ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of New York and, as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Buffalo, New York 14213.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a lender with its principal place of business located at 40 Sylvan Road, Waltham, Massachusetts 02451.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for over a year.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around January 2015, and continuing through February 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis concerning her utility service with Defendant.

14. During the relevant period, Defendant called Plaintiff on her cellular telephone multiple times each day.

15. Upon information and belief, when contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

16. Defendant's telephone calls were not made for "emergency purposes."

17. Frustrated by the repeated calls, Plaintiff told Defendant to stop calling early January 2015.

18. Defendant assured Plaintiff its calls would stop.

19. However, Defendant called Plaintiff several times thereafter.

20. Thereafter, Plaintiff again advised Defendant to cease all calls.

21. Defendant once again acknowledged Plaintiff's request for calls to cease, but continue to call Plaintiff.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

22. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. After consent was revoked, Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, VERONICA GAY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VERONICA GAY, demands a jury trial in this case.

Respectfully submitted,

Dated: June 23, 2015

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel, Esquire
Attorney ID # 2790038
Attorney for Plaintiff
Kimmel & Silverman, P.C.
1207 Delaware Avenue, Suite 440
Buffalo, NY 14209
Phone: (716) 332-6112
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com